## CIRCUIT COURT OF FAIRFAX COUNTY

Kenneth Johnson
and Elizabeth Johnson

v.

Carlos Guerra and
Lee Ann Guerra (Wendle)

Case No. (Law) 133692

BY JUDGE JANE MARUM ROUSH

October 14, 1994

This matter came on to be heard on September 30, 1994, on the demurrer of Lee Ann Guerra to the Motion for Judgment. At that time, the Court asked for further briefs from counsel and took the matter under advisement. I have now had the opportunity to review the post-hearing submissions of counsel. For the reasons stated below, the demurrer is sustained. The plaintiffs shall have leave to amend the Motion for Judgment to allege a right of contribution from Ms. Guerra based on the judgment obtained in a previous suit.

The plaintiffs now concede that the guaranty that Ms. Guerra signed was not an "instrument" within the meaning of § 8.3A-116 of the Virginia Code. They assert that Ms. Johnson enjoys a common law right of contribution from Ms. Guerra. In this case, Ms. Johnson and Ms. Guerra each signed separate guarantees in favor of the beneficiary and neither guaranty specified that the liability created thereunder was joint and several with that of other guarantors. I am not aware of any general common law right of contribution between guarantors who separately guarantee an obligation

to a single beneficiary, and counsel has not cited to me any such authority. For that reason, Ms. Guerra's demurrer is sustained.

Plaintiffs shall have twenty-one days from the entry of an order in accordance with this ruling to amend their Motion for Judgment to assert a right of contribution arising from the judgment that was entered in an earlier lawsuit.

### January 25, 1995

This letter comes as a result of my letter opinion dated October 14, 1994. That opinion ruled on the demurrer of Defendant Lee Ann Guerra (Wendle) to the Motion for Judgment. My decision was based on the fact no authority was presented to me for the proposition that a common law right of contribution exists between guarantors who separately guarantee an obligation to a single beneficiary. Recently, however, I became aware of the case of *Rosenbaum v. Goodman*, 78 Va. 121 (1883), which indicates there is a right of mutual contribution among those who are co-sureties, even if the co-sureties signed different instruments, and even if they are unaware of the obligation of each other.

I am concerned that the ruling in my letter opinion misstated Virginia common law. I note that the parties have never submitted to me a proposed order reflecting the rulings in my October 14, 1994, letter opinion. Rather than presenting that order, would counsel please address to me in writing the issue of a Virginia common law right of contribution between guarantors in light of *Rosenbaum* and the cases cited therein. Would Mr. Shachter file his brief within ten days, and would Mr. Judkins file a response brief ten days thereafter.

### March 1, 1995

This matter initially came on to be heard on September 30, 1994, on the demurrer of Lee Ann Guerra to the Motion for Judgment. On October 14, 1994, I issued a letter opinion in which I ruled that the demurrer was sustained. Despite my request, no order was presented signed by counsel reflecting that ruling. In the meantime, I became concerned that my ruling contained in the October 14, 1994, letter was based on a misstatement of Virginia law. By letter dated January 25, 1995, I invited further briefing on the subject. I have now had the opportunity to reconsider my earlier ruling, and the further briefs of counsel. For the reasons stated below the demurrer will be overruled in part and sustained in part.

## Facts

The facts of this case may be briefly summarized. Plaintiffs are Kenneth and Elizabeth Johnson. Defendants are Carlos Guerra and his former wife, Lee Ann Guerra Wendle. Mr. Johnson and Mr. Guerra were general partners of Kapitol Builders. Kapitol Builders borrowed funds from Washington Federal Savings Bank. Mr. Johnson and Mr. Guerra signed the promissory note to Washington Federal as general partners of Kapitol Builders and as guarantors. Mrs. Johnson signed a separate guaranty of the Note. Mrs. Guerra also signed a separate guaranty of the Note. Mrs. Johnson and Mrs. Guerra were not partners of Kapitol Builders. Ultimately, Kapitol Builders defaulted on its obligations under the Note. The Bank brought suit and obtained a judgment against Kapitol Builders, the Johnsons and the Guerras. Mr. and Mrs. Johnson paid the judgment and now seek contribution of approximately $23,000, one half of the amount they paid the Bank, from the Guerras. Mr. Guerra has filed a suggestion in bankruptcy. Mrs. Guerra, who is divorced from Mr. Guerra and has remarried, has demurred to the Motion for Judgment. Mrs. Guerra demurs to Mr. Johnson's claim on the basis that Mr. Johnson has no right of contribution from her because, according to Mrs. Guerra, he signed the Note as "principal and maker." Additionally, Mrs. Guerra has demurred to Mrs. Johnson's claim for contribution, arguing that Mrs. Johnson has no right of contribution from her because Mrs. Guerra and Mrs. Johnson signed separate guaranties.

## Mrs. Johnson's Right of Contribution

I will first address Mrs. Guerra's arguments in her demurrer to Mrs. Johnson's claim to contribution. As noted above, Mrs. Guerra contends that Mrs. Johnson has no right of contribution from her because she and Mrs. Johnson signed separate guaranties. In her brief, Mrs. Guerra argues that the adoption of the Uniform Commercial Code negated the ruling of *Rosenbaum v. Goodman*, 78 Va. 121 (1883), and the cases cited therein. *Rosenbaum v. Goodman* held that a common law right of contribution exists between co-sureties for the same obligation, even if they are bound to the principal by different instruments and know nothing of each other. *See also Harrison v. Lane*, 32 Va. (5 Leigh) 414 (1834).

As I noted in my letter of October 14, 1994, Code § 8.3A-116 is inapplicable to the facts of this case because the guaranty signed by Ms. Guerra was not an "instrument" within the meaning of Article 3A of the U.C.C. Unless displaced by the specific provisions of the U.C.C., the

common law continues to apply to questions of suretyship. *See* Va. Code Ann. § 8.1-103 (Repl. Vol. 1991).

Mrs. Johnson and Mrs. Guerra, as co-sureties of the same obligation to the same principal, fall squarely within the rule of *Rosenbaum v. Goodman*. It makes no difference that they signed separate guarantees of the obligation. Mrs. Johnson has a right of contribution from Mrs. Guerra to the extent Mrs. Johnson paid more than her proportionate share of the obligation. For that reason, the demurrer of Mrs. Guerra to Mrs. Johnson's cause of action for contribution is overruled. (My October 14, 1994 letter opinion (as to which no executed order was presented or entered) is withdrawn.)

### Mr. Johnson's Right of Contribution

Mrs. Guerra relies upon Code § 8.3A-419(e) to support her argument that Mr. Johnson has no right of contribution against her. That section provides that "an accommodated party who pays the instrument, has no right of recourse against and is not entitled to contribution from, an accommodation party." Ms. Guerra argues that Mr. Johnson, who signed the note as a general partner of Kapitol Builders, is an accommodated party and that, as a guarantor, she is an accommodation party. Mr. Johnson responds that he signed the note as an accommodated party, a guarantor, and not an accommodation party. He thus asserts that he has a right of contribution from Mrs. Guerra in that they are both accommodation parties.

Again, the parties' reliance on the U.C.C. is misplaced. Section 8.3A-419 applies to the rights and obligations between an "accommodation party" and a "accommodated party" who sign the same instrument. Although the Note signed by Mr. Johnson is an "instrument" as such term is defined by Code § 8.3A-104(b), the guaranty signed by Mrs. Guerra is not an instrument. Because Mrs. Guerra did not sign an "instrument," she cannot be an accommodation party within the meaning of § 8.3A-419. Therefore, § 8.3A-419 is an inapplicable resolution of the present case. Determining Mr. Johnson's right of contribution from Mrs. Guerra must be resolved by reference to common law, not the U.C.C.

Mr. Johnson signed the note *twice*, once as a general partner of Kapitol Builders and once as a guarantor. As a general partner of the borrower, Mr. Johnson's liability for the obligations under the Note is joint with that of Kapitol Builders. Va. Code Ann. § 50-15. Although Mr. Johnson and Mrs. Guerra are both sureties for the obligation of Kapitol Builders to the Bank,

given Mr. Johnson's business interest in the transaction, as well as his joint liability for the obligation, Mr. Johnson is the principal surety and Mrs. Guerra is a subsurety. *See Cook v. Crabtree*, 733 S.W.2d 67 (Tenn. 1987). When someone who is directly obligated to do so pays an obligation, there is no right of contribution from a surety. When a principal surety pays an obligation, there is no right of contribution from a subsurety. *See generally* Restatement of the Law of Security, §§ 144-148 (1941); *Harrison v. Lane, supra*. Therefore, the demurrer of Mrs. Guerra is sustained as it relates to Mr. Johnson's claim for contribution.

The plaintiffs are granted leave to amend their Motion for Judgment to include a claim of contribution arising from the Bank's judgment.